UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUDIN ARAUS, *Individually and on Behalf of Others Similarly Situated*,

                              Plaintiff,

-against-

PRIMOS LIVE POULTRY INC. et al.,

                              Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/2/2025
```

24-cv-1044 (MKV)

ORDER APPROVING SETTLEMENT

MARY KAY VYSKOCIL, United States District Judge:

       Plaintiff Ludin Araus filed this action asserting claims under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law against Defendants Primos Live Poultry Inc., Primos Live Poultry 1 Inc., Pedro Enriques Rodriguez, Abdunaser Salem, Adel Salem, and Primos Poultry Corp. [ECF No. 1 (the "Complaint")]. Thereafter, with the assistance of the Court-annexed Mediation Program, Plaintiff reached a settlement with Defendants Primos Live Poultry Inc., Primos Live Poultry 1 Inc., and Pedro Enriques Rodriguez (the "Settling Defendants") [ECF Nos. 58, 59]. Because the Complaint asserts claims under the FLSA, judicial approval is required for settlement. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

       The Court directed Plaintiff and the Settling Defendants to submit materials necessary for the Court's review pursuant to *Cheeks* [ECF No. 65]. In accordance with the Court's direction, Plaintiff and the Settling Defendants submitted: (1) a joint letter explaining why their proposed settlement is fair and reasonable, which letter also addresses the reasonableness of Plaintiff's requested attorneys' fees and costs, (2) a copy of the settlement agreement, and (3) documentation supporting the application for attorneys' fees [ECF No. 75].

1

The Court has carefully reviewed the parties' submissions in the light of the requirements of the FLSA and Second Circuit law. In particular, the Court has considered:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

Having scrutinized the proposed settlement between Plaintiff and the Settling Defendants, the Court concludes that it is fair and reasonable. Under the proposed settlement, Plaintiff will receive a significant settlement sum. While there is a possibility that Plaintiff could receive a small amount more in damages if the case were to proceed to trial, there are also serious litigation risks. The parties' use of an experienced mediator supports the Court's conclusion that the settlement is the product of arm's-length bargaining, rather than fraud or collusion. *See Hernandez v. Anjost Corp.*, 2013 WL 4145952, at *2 (S.D.N.Y. Aug. 14, 2013).

The Court has also carefully assessed the reasonableness of the proposed attorneys' fees. *See Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 585 (S.D.N.Y. Oct. 7, 2015) (citing *Wolinsky*, 900 F. Supp. 2d at 336). The proposed attorneys' fees represent approximately one-third of the total settlement amount after deducting costs. Courts in this circuit commonly approve of a one-third contingency fee. *See Tiro v. Pub. House Invs., LLC*, 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013) (collecting cases). The Court also notes that, here, the lodestar amount exceeds the requested contingency fee.

Accordingly, for the reasons set forth above and explained in the parties' submissions [ECF No. 75], the Court approves the proposed settlement between Plaintiff and the Settling Defendants and approves the requested attorneys' fees and costs.

The Clerk of Court respectfully is requested to terminate the case as to Defendants Primos Live Poultry Inc., Primos Live Poultry 1 Inc., and Pedro Enriques Rodriguez only.

**SO ORDERED.**

Date:  **May 2, 2025**
       **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**