UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____                │
│ DATE FILED:   9/23/2025              │
└─────────────────────────────────────┘
```

LUDIN ARAUS, *Individually and on Behalf of Others Similarly Situated*,

                                    Plaintiff,

                -against-

PRIMOS LIVE POULTRY INC. et al.,

                                    Defendants.

24-cv-1044 (MKV)

ORDER APPROVING SETTLEMENT

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Ludin Araus filed this action asserting claims under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq*., and the New York Labor Law against Defendants Primos Live Poultry Inc., Primos Live Poultry 1 Inc., Pedro Enriques Rodriguez, Abdunaser Salem, Adel Salem, and Primos Poultry Corp. [ECF No. 1 (the "Complaint")]. Thereafter, with the assistance of the Court-annexed Mediation Program, Plaintiff reached a settlement with Defendants Primos Live Poultry Inc., Primos Live Poultry 1 Inc., and Pedro Enriques Rodriguez, and the Court issued an Order approving that settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), and dismissing the case as to those defendants [ECF Nos. 58, 59, 76]. Plaintiff has now reached a settlement with Abdunaser Salem, Adel Salem, and Primos Poultry Corp. [ECF No. 79], which similarly requires *Cheeks* approval.

The parties have submitted the materials necessary for the Court's review pursuant to *Cheeks*. Specifically, the parties have submitted: (1) a joint letter explaining why their proposed settlement is fair and reasonable, which letter also addresses the reasonableness of Plaintiff's requested attorneys' fees and costs, (2) a copy of the settlement agreement, and (3) documentation supporting the application for attorneys' fees [ECF Nos. 79 ("Ltr."), 79-1, 79-2].

1

The Court has carefully reviewed the parties' submissions in the light of the requirements of the FLSA and Second Circuit law.  In particular, the Court has considered:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

Having scrutinized the proposed settlement between Plaintiff and Abdunaser Salem, Adel Salem, and Primos Poultry Corp, the Court concludes that it is fair and reasonable.  Under the proposed settlement, Plaintiff (who received a very significant settlement sum from the other defendants) will receive meaningful compensation.  Although Plaintiff would receive more in damages if he were to prevail on all of his claims at trial, there are serious litigation risks.  In particular, the remaining defendants maintain that Plaintiff has misstated the hours he worked and that they have "statements signed by plaintiff" which support their defense.  Ltr. at 3.  The Court also notes the possibility that, if required to pay a larger settlement sum, these "defendant[s] might simply cease to operate," and therefore be unable to pay Plaintiff.  *Id.*  Moreover, having presided over this case since its inception, the Court observes that the proposed settlement agreement was extensively negotiated at arm's length between experienced counsel after meaningful discovery.  *See Clark v. Ecolab Inc.*, 2010 WL 1948198 (S.D.N.Y. May 11, 2010).  As such, the Court gives weight to the parties' judgment that the settlement is fair and reasonable.  *Id.*

The Court has also carefully assessed the reasonableness of the proposed attorneys' fees.  *See Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 585 (S.D.N.Y. Oct. 7, 2015) (citing *Wolinsky*, 900 F. Supp. 2d at 336).  The proposed attorneys' fees represent approximately one-third of the

total settlement amount after deducting costs. Courts in this circuit commonly approve of a one-third contingency fee. *See Tiro v. Pub. House Invs., LLC*, 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013) (collecting cases). The Court also notes that, here, the lodestar amount exceeds the requested contingency fee.

Accordingly, for the reasons stated above and supported by the parties' submissions [ECF Nos. 79, 79-1, 79-2], the Court approves the proposed settlement between Plaintiff and Abdunaser Salem, Adel Salem, and Primos Poultry Corp. and approves the requested attorneys' fees and costs. The Court, however, declines the parties' request to retain jurisdiction to enforce the settlement agreement. *See* Ltr. at 5.

The Clerk of Court respectfully is requested to terminate this case.

**SO ORDERED.**

**Date:  September 23, 2025**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**